Free Form provided to Peoples #43943 by CDOC Legal Services on 5/14/2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO



Civil Action No. _____
(To be supplied by the court)

_Louis Peoples Jr_____, Plaintiff

v.

_Colorado Dept. of Corrections_____,
_Moses Stencil_____,
_Jeff Long_____,
_Janet Smith_____,
_Sean Mitchell_____,
_Anthony Russell_____,
_Carol Thomas_____,

_____, Defendant(s).

**Jury Trial requested:**
**(please check one)**
_X_ Yes ____ No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Louis Peoples Jr. # 43943 P.O Box 6000
(Name, prisoner identification number, and complete mailing address)

Sterling Colorado 80751
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
_X_    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    Moses Andre Stencil, Executive Director
(Name, job title, and complete mailing address)

CDOC 1250 Academy Parkloop, Colo, Springs
Colorado 80910
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2:   _Jeff Long, Warden Sterling Correctional Facility_
(Name, job title, and complete mailing address)
_P.O Box 6000 Sterling, CO 80751_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (check one). Briefly explain:

_Mr. Long holds the authority necessary to change immediate conditions, recommendations to correct ADA accommodation that are not met, supervision other._

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3:   _Janet Smith, ADA Coordinator 1250_
(Name, job title, and complete mailing address)
_Academy Park loop, Colorado springs, CO 80910_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (check one). Briefly explain:

_Inmate-coordinator_

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

_See Attached other Defendants_

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   State/Local Official (42 U.S.C. § 1983)

____   Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
_X_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

_X_   Other: *(please identify)* _42 USC 12101 USC 794 Civil 65(a)_
_42 USC 12131-32_

3

Additional Pages Regarding Defendants
Labeled B: Defendant(s) Information

Defendant (4): Sean Mitchell, Housing Coordinator
as Lt, Sterling Facility Unit One, P.O. Box 6000
Sterling, CO 80751

At the time of this Claim, arose defendant was
acting under the Color of State and Federal laws,
Working as an inmate Coordinator for the housing
Unit, responsible for supervising employees, maintaining
Safety and Security, responding to inmate requests.
and housing of inmates.

He is being sued in his individual and official
Capacity for failure to accommodate.


Defendant (5): Anthony Russell #7578, Inmate
Coordinator for (ADA) P.O. Box 6000 Sterling, CO 80751

At the time of this claim, arose defendant was acting
under the Color of State and Federal laws, Working
has inmate Coordinator who over see(s) responding
to inmate basic human needs as a disability person,
Conditions of Confinement.

He is being sued in his individual and official
Capacity for failure to accommodate

(a)

## Labeled B.

Defendant (6): Carol Thomas, Captain Cell House-One, Sterling Facilty, P.O. BOX 6000 Sterling, CO 80751

At the time of the claim in this Complaint arose, defendant Thomas was acting under the Color of State and Federal laws

She is Responsible. for Supervising. Facility Staff, Maintaining inmate safety and Security, and responding to inmate request and Classifications throughout her housing unit.

(B)

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____

Claim one is asserted against these Defendant(s): Moses Stencel, Jeff Long, Sawet Smith, Sean Mitchell, Anthony Russell Carol Thomas

Supporting facts:

(See Attached · a through z)

4

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  _Louis Rooples Jr._

Docket number and court:  _____

Claims raised:  _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:  _____

Result on appeal, if appealed:  _____

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*)   *See attached all exhibits for review.*

5

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* Plaintiff Louis Peoples Jr. #43943, seeks an Order declaring that the acts and omissions described herein violated his rights under the Constitution of the United States and;

, Seeks for this Court to enter a preliminary and permanent injunction ordering Defendants and their Successors, agents, employees and all persons acting in Concert with them; to protect Plaintiff from further harm suffered, and to provide him the full accommodations (necessary for each of his disabilities) as already established upon by the Settlement Agreement, and he does seek judgment in his favor for nominal, Compensatory and (See attached page)

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

7/14/2024
_____
(Date)

(Revised November 2022)

6

Attached for Page 6

F.   Request for Relief

punitive damages, as allowed by law...
against each Defendant jointly and severally
for the entire terms Plaintiff has been denied
Wells known accommodations that has already
been established, as necessary by specialists,
and is covered by the above asserted prior
Settlement agreement and;

Suggesting $1,500.00/day as requested in
Plaintiff first ADA Grievance / administrative
grievances/ Notice of intent and Order, such
as additional appropriate relief available
at law that this Court may deem just and proper.

Including: Speculative, Consequential,
foreseeable, Continuing, hedonic necessary,
proximate or remote, and General type damages
for amounts to which he is entitled and,
amount to be established at trial for such
damages determined, as a result of Defend-
ants for the harm caused be each party
who acted with intentional and deliberate
indifference to deny Plaintiff needs

And Plaintiff seeks order for additional
relief, as this Court deems for injunctive
relief.
                          Luis Reyes Jr. 78965

Claim One: Plaintiff Rights Under the United States Eighth Amendment Are Violated And The American With Disbility 28 USC 12101-121302 Accommodations

Supporting Facts:

Plaintiff Louis Peoples Jr, files this Complaint under 1983 for default of the Colorado Dept. of Corrections, the Sterling Facility and its officials for enforcement of accommodations as required by a Settlement Agreement, Civil Case 21-cv-1100 by the National Federation Of The Blind, agreed upon by Ex-Director Dean Williams, on and around June 28, 2022,

Plaintiff states he is not an attorney and seeking the assistance of another inmate who is housed with him to bring this Complaint forword. He asks this Court to bear with any type of discrepancy through-out this brief, and to Please take "Notice" there is an ongoing default being placed on him by CDOC and its agents. Plaintiff ask for immediate attention be given

(a)

Plaintiff Contends that Officials at the Sterling Correctional Facility that are named herein are depriving and placing a Serious Hardship and Risk by denying him ADA Services to necessary accommodations apparatus and handicap / single cell as required by the Settlement agreement for inmates throughout CDOC which is violating ADA Standards 42 U.S.C. Ch. 126 § 12101 at seq, and the Rehabilitation Act, 29 USC § 701 at seq, as well as the Eighth and Fourteenth Amendments to the United States Constitution.

(a) Plaintiff is an inmate with multiple physical and vision disabilities: Specifically, (1) a deteriorating / degenerative eye Condition with low vision acuity (less than 0/200): (2) physical disability issues (now) recognized as a Chronic Care patient (in CDOC Since 2003) with the following medical Conditions: (3) Substantive heart Condition that resulted in triple heart bypass surgery (limited to Zero strenuous physical activity; diabetes, Seizures, vision - glaucoma [Complete blindness in the left-eye and partially blind in the right-eye, walking with a Cane). Plaintiff is 70 of age.

(b) Plaintiff is being discriminated through this prison's negligence and refusal to appropriately answer ~~Pleas~~ Plaintiffs request for Necessary accommodation and "Settlement terms" [ per fed. Order 21 CV 1100 ] for treatment and provision of apparatus – ignoring the fact that Plaintiff does qualify for the benefit of this specific settlement and for receiving the [ included ] accommodations and services.

(c) Plaintiff does believe the denial of the necessary accommodations is due to dis-criminatory of (CDOC-SCF) AIC Staff, based on Retaliation/or my race in violation of the Eighth Amendment regarding "Cruel and Unusual Punishment" and the Fourteenth Amendment right to Equal Protection of the law of the United States Constitution.

(d) Plaintiff states based said violations being place upon his person, he feels that Defendants has failed to abide by Title II, of the American Disability Act (42 USC § 12131 and Section 504 of the Rehabilitation Act 29 USC § 794, and the Settlement Agreement by Dean Williams.

(C)

(F) Defendants are denying and delaying his rights.

1. Plaintiff states that CDOC and its agents, and/or Officials has failed to comply with the "Released Settlement Agreement" for accommodating Plaintiff with Auxiliary Aids and Services pursuant to 28 CFR 35, 104 as agreed upon.

1.a; As such the Sterling Correctional Facility and its Officials as named below has denied Plaintiff electronic devices necessary for a Sight challenged individual to be able to exist a minimum level compared to sighted inmates currently incarcerated within CDOC, as of today.

1.b; Electronic items, to include, but not limited to, a laptop that is equipped with an accessible e-book reader program, a typing tutorial program, and screen reader software, (and at a minimum for comparable access of use of the laptop or single computer for blind/printed inmates only, to being able to type letters and other correspondence to

(d)

'the Courts as Necessary at No. Cost), Dragon Voice Software and OCR Scanning Software and Hardware to be included.

1.c; Additionally, the Sterling Facility has refused to provide a printer and a scanner at No Cost that is compatible with said lap-top for disabled/sight challenged, (Blind), inmates as to Plaintiff.

1.d; Mr. Louis Peoples Jr, files this Petition on defult of CDOC and its agents at the Sterling Facility, asking for enforcement of all accommodations within 30-days pursuant to the release and settlement agreement with the Colorado Dept. of Corrections, through Brian Mackers and Adrian Chavez, Counsel for agreement the National Federation of the Blind for the State of Colorado (21cv1100), inand through the willful ongoing misconduct that is factual discrimination against Plaintiff with disabilities, by prison staff personnel et al,.

1.e; Therefore, Plaintiff Louis Peoples Jr, confirms that Unit Housing Command Officer Captain Carol Thomas and her Superiors has unilaterally

(e)

refused to obtain a laptop computer or scanner with printer, which would be used by the sight Challenged/Physically disabled inmate as Plaintiff on a daily basis.

1.f. Defendant Thomas, Who, for an extended amount of time, has been completely cogni-zant of Plaintiff being sight challeged, and Physically, who informed Plaintiff that he is to use the desktop computer which services currently housed 299 other inmates each day.

The fact, that access to this specified desk-top Computer system is allowed "Only" a "First Come-First Served" sign-up process. Wherein Plaintiff must make the conscience decision of whether he is going to breakfast, or forego his meal, putting hisself into physical distress, and wait in a line to be able to gain access to sign-up for a computer without any software on it.

1.g. Based on the above, on November 20, 2022, Plaintiff documentations to Janet Smith for accom-modation request, wherein it was made plain and clear to Mrs. Smith as to the "Agreement of Release" signed by Ex-Director Dean Williams

That pursuant to said agreement, it does not require him to share a desktop computer with 249 other inmate, but the blind individual in the unit further, if Plaintiff is moved out of Unit-one. No other unit within the Sterling Facility is equipped with anytype of computer system for the blind/printed inmate, not even the law labrary. Therefore, if Plaintiff is moved he would have to reargue is merits, for a Court ordered to obtain accommodations

I, h; Plaintiff on December 29, 2022, received a correspondence from Mrs. Smith which informe him that, a Mr. Echard had completed a vision assessment on him 10/21/22. His recommedatioe were that; A laptop Computer would only be provided to Plaintiff upon Plaintiff suffering total and complete loss of his physical ability of vision.

Plaintiff has found it beyond the realm of frustration and challenge, to discover the complete and dismal impossibility, to evolve any progress of Compliance with any accommo dations that goes to the sighted challenged/ physically challenged in regards to being allowed access to a laptop Computer with a

printer to input Court and other legal docu-
mentation, or an on demand printer, due to
Time frames imposed by the Court and other
Administrative entities. Plaintiff was told
to use the law library.

Plaintiff would put this Court on "Notice"
that he has this 42 USC 1983 typed up on
the units desk top computer, but Capt. Thomas
has taken away the Inmate program she made
available and will not allow no more copies.

For the past 1½ year I have paid into this
program to received copies, this facility has been
in error based on the agreement.

Therefore, Plaintiff is being intentionally
deprived in regards of being able to properly
bring defense of self in both the Court and
administrative self-representation, this
intentionally imposed discrimination. Now I
have to hand-write this complete.

Wherefore, all of the aforementioned does
bring adverse bias on Plaintiff in and through
denied of the "Settlement Agreement" as it
was originally brought forth.

(h)

Plaintiff asserts there is a complete breakdown in the "Settlement" and there in Compromises plaintiff's abilities, as a result thereof. Plaintiff can no longer utilize due to Defendants Captain, Thomas and other Official at the Sterling Correctional Facility unwilling ness to accommodate him.

I Louis Peoples Sr, is asking for an Emergency Injunction and seeking the relief that was promised by Dean Williams that is not over warranted, but Necessary to my living Conditions and maintaining my own Safely while in CDOC.

If Dean Williams agreed with the original Plaintiff that brought their Complaint to access laptop Computer and any facility where they are transferred/housed, then Plaintiff should have the same Equal rights at the Sterling facility whether in unit one are another unit.

Plaintiff state for over a year now he has been suffering at the hands of CDOC and Capt. Thomas, Smith and other Officials involved as named has been denying Plaintiff the need accommodations and Services in violation of the Eighth and Fourteenth Amendment of the U.S. Constitutions.

(f*)

Plaintiff asserts Officials at the Sterling Facility Jeff Long, Carol Thomas, Lt. Mitchell, Anthony Russell has and is violating Plaintiff's equal rights and opportunities for over a year to accommodate Plaintiff as required by the Settlement Agreement, pursuant to 28 CFR 35. 149 - 35. 160 - 161.

Plaintiff states as a direct result thereof Defendants has created a Condition of Confinement that is tantamount and equal to Cruel and Unusual Punishment and is intentional discriminating against Please as an individual who does daily suffer from various ailments of aging, to include, but not limited to, Physical infirmities, and loss of Sight that will eventually culminate in absolute blindness.

## Relief To Be Granted

That Plaintiff will be given private and independent access to information processes, programs, facilities, and/all electronic equipment and devices that should be made available to all blind/printed inmates

(J)

On an equal basis with sighted prisoners, Consistent with legitimate security Concerns.

Plaintiff ask that the Sterling Facility, Through CDOC provide materials so as to be screen-readable with assistive technology (e.g. screen reader, screen magnification) that is available to and usable by only blind/printed inmates. "Assistive technology" means any item, piece of equipment, software, program, or product system that is used to increase, maintain, or Improve the functional capabilities of persons with disabilities. Assistive Technology Shall be provided to blind/printed inmates without change.

Plaintiff further asserts, as such, Officials for CDOC at the Sterling facility, is denying Louis Peoples Jr, an other blind/printed inmates the Hardware and Software, electronic devices and equipment, to include, but Not limited to:

(K)

(a) laptop that is equipped with an accessible e-book reader program,

(b) a typing tutorial program,

(c) a printer, as required by the agreement,

(d) a Scanner, as required by the agreement,

(e) a pen reader,

Plaintiff has requested the above items from Janet Smith, Assoc. Dir (CDOC) (ADA) Coordinator for independently composing / authoring, Editing, printing, scanning, such incoming and outgoing personal and legal correspondence, and internal communications such as grievances and kites. There is no such Policy put in part as confirmed through the settlement agreement, nor are there any type of A.R. or posted operational rule put in place. Plaintiff ask that such be updated for all blind/printed inmates in each housing unit.

Issue Two!

Plaintiff states, Capt. Thomas has retaliated against him and placing a hardship upon his person. For the past-year Plaintiff was authorized as a blind/printed inmate, and upon my request was granted a single occupancy double cell, as required by the Settlement Agreement dated June, 2022, for blind inmates.

After filing numerous request and grievances [with outside family involvement] and through CDOC Administration, an order came down to place Plaintiff in a single cell. The Sterling Facility and its Unit-one Officials, used a double occupant cell as an (ADA) accommodation for Plaintiff.

On August 25, 2023 around 8:45 p.m Plaintiff returned to his cell, C-Pod Room 11, and found there was no electrical power. When plaintiff informed staff of his situation, and informed staff that he needed power to operate his ADA accommodation equipment, he was told by staff there was nothing they could do.

(m)

On August 26, 2023, Plaintiff once again confronted Staff C/O Garrett about the same situation. She asserted to Plaintiff "that the power wouldn't be turned back on for five days" because they were tired of inmates lighting-up. Plaintiff informed Garrett that he was an inmate under ADA Standards and needed the power turned back on for his ADA equipment. C/O Garrett there was nothing she could do because the electrical panel had locks on them and only one person was authorized to turn the power back on. C/O Garrett then asked Plaintiff was he lighting-up [doing drug activity]

"Staff claimed they were informed that someone had to light-up, it was the only a prisoner power would go down. Plaintiff for days plead with staff to turn his power on, so he could us his talking book, clock that talk, and other devices, and to investigate other cells.

Thereafter, each day Plaintiff would ask staff to get his power back on and each time they would refuse to do so, and telling

(23)

him it had to stay off for five-days for punishment due to inmates lighting up. Plaintiff informed them that he does not due drugs and it was their job to find-out who it was and not to punish him for someone else's wrongdoing.

On August 28, 2023, Plaintiff tried to confront Capt. Thomas in the vestibule at which time she became very upset at Plaintiff for asking for his power to be turned back on, at said time Thomas, became very outraged Ordering Plaintiff to get a cellmate, and, if not, Plaintiff would be going to the hole [Segregation]. About an hour thereafter, the LT. came to Plaintiff's cell, informing him that CDOC attorneys had informed them, that they could give me a roommate over-stepping their prior order to single cell me based on family complaints.

In March, 2024, Plaintiff met with NP Trisha Kautz, she answered a kite on my concerns do to the issues of a single cell due to the settlement agreement, and

her response was, She needed to talk with management because she know of No such settlement agreement, but she has not responded, and cell-house Capt. Thomas refuses to address the matter nor will she answer my kites to her.

Plaintiff has notified and told Unit-One, Captain Thomas, Smith, LT Mitchell, LT Bryant and C/O Garrett, agents for the Colorado Dept. of Corrections, as to persons over the approval and acceptance of being put in a double as a single blind/printed inmate, and the Plaintiff was told: It does not matter if you are blind or not, you will Never get a single cell, as a blind person.

Major Dorsey, Capt Thomas, LT. Mitchell, LT. Bryant, other officials at the Sterling Facility has failed to recognize the importance of effective Communication with inmates while incarcerated. They have decided to house Plaintiff by mandatory Orders with another inmate in violation of AR. 850-15 that protect him against discrimination and 28 CFR 35.160: 35.161.

(P)

Defendants Stencil, Smith, Thomas, and Mitchell, Dorsey, Bryant in responding to grievances and through administrative "notices" has denied Plaintiff the accommodations placing him under excessive Hardship which bring Defendants in error. This blatant disregard at the Sterling Facility and its Official Staff for ADA. and legal services fails State and Federal laws put in place to protect Plaintiff.

As Such, Defendants/s deny Plaintiff the equal protection of the law., Plaintiff is already Hindered by physical operation in daily life that are not accommodated as stated in 28 CFR 35.149-35.160-161. This is a willful disregard of the law and Violation of ADA. protocols.

Plaintiff states there is a Complete break-down in the Settlement agreement and Plaintiff opportunities he can no longer utilize due to the above Defendants at the Sterling Correc-tional Facility and their unwillingness to accom-modate Plaintiff [Now] willfully choosing to discriminate against Plaintiff.

(8)

Cellhouse Capt. Thomas and other Officials refuse to recognize the importance of effective Communication with Plaintiff and refuses to address him directly. Prior to putting an inmate in the Cell. Plaintiff was granted ADA accommodations as a single cell inmate for a short period of time. The power in plaintiff's Cell was turned off until plaintiff decided to be housed with another inmate for eight-days in violation of CDOC own AR 850-15 that should have protected Plaintiff against discriminated acts as placed upon Plaintiff by Capt. Thomas on August 28, 2023. That has brought "theft/loss" and "harm/injury" due to "Other Occupant/associates" and limited cell space where Plaintiff suffers inability to protect.

Defendants has failed to provide Plaintiff with a printer and scanner that is compatible with, and networked to, the laptops provided to Blind/Printed-Disabled inmates. That is equipped with the Assistive Technology necessary to permit this Plaintiff to independently scan or print materials, incoming or outgoing personal or legal Correspondence.

Plaintiff has been force to use a desktop Computer with 299 other inmates in the unit, and forced to enter into an agreement and sign documentation for an inmate-Copying program. where Plaintiff had to donate money from his account into it so that he could receive legal Copies. Plaintiff has donated about $500.00. Pursuant to the Settlement Agreement, if a laptop is needed for an blind/printed inmate, CDOC will order the laptops and will provide it within 30 Calendar days. Plaintiff has asked for $1,500.00 per day because CDOC and its agents a SCF has refused to act.

Further, Plaintiff should maintain all privileges for which he is entitled to regardless of the privileges available generally in that location.

Plaintiff asserts it is the policy of CDOC to ensure fair offender program-access, work assignment, fair administrative remedy over issues of Race, Religion, Ethnicity, National Origin, Sex handicap, [2-CO-3c] [4-4277] [4-4450] and CDOC "Shall" protect offenders to the extent practical from personal harm, [2-CO-3c-01].

(5)

It is the responsibility of the Executive director to ensure that its employees adhere to the Admin. Regs Civil Rights Act of 1964 and implementation of Reg-45 Code, Prt 80.6 (d). AR-1450-35 for proper ADA Coordinator handling of disability, discrimination, and punitive action Claims.

(a) Plaintiff has put forth on records through grievance that has not been answered, letters to (ADA) and (AIC) Coordinator Janet Smith 2023 and 2024 (CDOC), and, Exec. Dir Stancil and Jeff Long, the Sterling Facility, to include Lt. Russell the inmate Coordinator for Sterling, Cellhouse Capt. Thomas, Lt. Mitchell, Majors Dorsey and Reyes and "Medical" (HSA) (N.P.) Trisha Koutz, and others Jane and John Does) for CDOC, all the Correct the Deprivation of the "Eighth Amendment; a Constitutional right, forward by Plaintiff by restoring. Plaintiff rights, (CDOC) and (AIC).

(B) CDOC Employee Captain Thomas threatened to put Plaintiff Louis Peoples Sr #43943 in punitive segregation (the hole), and, said, in so many words, "You can only get your single Cell

(4)

in infirmaries or restricted/segregation housing. C

CDOC Janet Smith, would know that her entry [re: single cell living for the blind] would cause conflict [with SCF housing units] and harm [to Plaintiff] when a ADA Status Sheet or CDOC Computer System Data Base would be requiring independent living for a prisoner in a facility that is benefitted financially [keeping every bunk filled]

Further, according to the Settlement Agreement, under Brain Mackes and Chavez Adrian V. State of Colorado Dept. of Corrections, it is an obvious 8th & 14th Amendment claim over discrimination, denial of disability accommodations, and racial profiling, according to Title II, Civil Rights Act of (1964).

According to The Americans with Disabilities Act and The National Federation of the Blind and Impaired, Disability Act of (1990) (ADA) 42 U.S. 12101. The Human Act, When a prison facility claims to be or Not to be a Medical facility, then it should be:

questioned "Why" it is importing and exporting Disabled individuals with Blind and Impaired Disabilities, and failing to acknowledge or even "Create Space" for said inmates.

Plaintiff has tried to exhaust every CDOC's administrative Grievance process with CDOC Headquarters, (AIC) Janet Smith, who has been Deliberately Indifference playing a major part [as the Administration for ADA Issues] denying Plaintiff the relief sought, as required by ADA, to deny even reasonably accessible Accommodations to even a reading-pen for Plaintiff, and to apply Modifications, according to the Settlement Agreement as set forth in the plea agreement, as to Section: (I) "Blindness Skills": means mobility and Orientation Computer and assistive tech-nology use (including typing, use of screen readers, low vision alternatives, and their assistive technology, Braille literacy, and voca-tional and independent Living/ENVIRONMENT Management Skills).

Plaintiff asserts, he has raised a Colorable Claim of deliberate indifference against

(v)

Defendants for the Violations of the Eighth and Fourteenth, Amendments to the United States Constitutions. Citing United States v. Davis, 177 F.3d 552 (1999)! United States v. Zielinka, 862 F.2d 92 (1988).

Plaintiff further states, the blatant disregard by Staff and, the medical department at the Sterling Facility, and with (ADA) Coordination violates States and Federals laws, law that has been put in place to protect Plaintiff with disability needs. This prevents equals rights and opportunities from being afforded while incarcerated and already hindered by most of the physical operations in "Major Life Activities", in daily life, not accommodated as stated in 28 CFR 35.149-35.160-161. This is a willful disregard of the law and violations of (ADA) protections.

There has been a Complete breakdown in the agreement since Dean Williams has retired, with the abilities that Plaintiff or anyother inmate can utilize Blind/printed accommodation due to, Defendants at the Sterling Correctional Facility whom is discriminating

(w)

plaintiff and other blind/printed inmates who is also housed at this facility.

Plaintiff back in early 2023, filed a request for Prisoners) Dispute for Resolution into the federal District Court of Colorado. against Exective Director Mathew Hansen, Janet Smith, AIC Legal Services and Captains Thomas and her Cell-house Supervisor(s), asking for an Injunctive Relief.

The Court responded by Ordering that Plaintiff could not piggy-back off of an other inmates complaint, and that Plaintiff would have to file his own Complaint against CDOC for the Violations of his rights

Plaintiff asserts he has tried to exhauste CDOC's administrative relief process, but CDOC at this facility refuses to address the Plaintiff personally, but was told by Capt Thomas (If) I bring Civil Actions to make sure my i's or dotted and t's or crossed.

Plaintiff ask for Remedies, that AIC make available a list of pre-approved

(X)

assistive technologies at the Sterling Facility. Further, he asks for a Court Order for Defendants to provide a printer with scanner that is compatible with a network, and laptop for blind/printed inmates to include Plaintiff use considering if he is transferred to another unit or facility.

And, he ask that such is equipped with the assistive technology necessary to permit independently scans with key Print materials for Incoming and outgoing personal and legal correspondences without cost, as required by the Settlement Agreement at Section (2) at Part (e), within 30-days.

Plaintiff feels agents at the Sterling Facility for the Colorado Dept. of Corrections is placing ongoing discriminatory acts on his person which is a cause for deliberated indifference and cruel and unusual punishment who is interferring with a known right that was agreed upon in 2022, that outlined rights for other inmates incarcerated. See 28 C.F.R. 35. 130(b)(7); 42 USC 3601 et seq. fair housing act.

(Y)

Plaintiff Louis Peoples Jr., puts this Court on "notice" that he had the help of another inmate to assist him in writing this Complaint on paper, Plaintiff has had his 42 USC 1983 Complaint typed on a Unit desktop Computer, but Capt. Thomas has discontinued the inmate print program that has been in place for over two-years and refused to allow Plaintiff to print his legal Complaint for filing into Court. See attached exhibit (Detail of End of Program Spreadsheet) because Plaintiff asked for his Cost back.

Plaintiff asserts if this Complaint needs to be Amended, he ask that Counsel be appointed to represent him hereinafter.

Plaintiff has asked for $1,500.00 a day as far back as early 2023 until such Violations were Corrected. Plaintiff ask for all rights to be restored and that Officials stop racial profiling. An Evidentiary Hearing should be had in this matter. There are about Seven other inmate Plaintiff is try to help also.

Helper
Edward Marrow #51460

Plaintiff
Louis Peoples Jr.
May 12, 2024.

(2)

**State of Colorado**
**Department of Corrections**
**REQUEST FOR INTERVIEW**

Date _10-5-23_

Name _Louis Peoples_

Reg. No. _43943_

C.H. _1_    Tier _1_    Cell _11_

Audience With: _Janet Smith ADA coordinator_

Give Reason: _I would like an approved raised locker box instead of my property bag. I have already been approved._

_- I cant see too good my magnifier is not working. It will not hold a charge._

_Can I change the magnifier for the reader pen please._

SCANNED
_to AIC on 10/5/23_

_Russell   2023_

State of Colorado
Department of Corrections
**REQUEST FOR INTERVIEW**

DC Form JD-22
[Revised 10/00]

CM1

Date 10/28/22
Name Louis Peoples
Reg. No. 43943
C.H. I          Tier I     Cell II
Audience With: Lt. Russell A1A
Give Reason: Since you are not providing me with a laptop, due to your AIC orders, I need to know when you will have the unit laptop fixed or brought back. I want a copy of your AIC order's circumventing federal (4-H) of the settlement agreement signed by Deal Williams he has to ask CompPas with my request for the appropriate accommodations. I plan to persue this complaining being caused ACC to fail their ADA request failure to fulfill or accommodations.

---

Miscellaneous Withdrawal Ticket

CM1
AR Form 200/DC (05/01/19)

Date 7/20/23     Amount $ 3.00
Offender No. 43943     Fac. SCF     Unit I-C-11
Offender Name Louis Peoples

Reason for Transaction **Unit 1 Inmate HP Printer Fund Donation**

I hereby authorize this amount to be deducted from my account.

Offender Signature _Louis Peoples_
Staff Authorization:
Printed Name B. McKinnon     Signature B McKinnon

---

Miscellaneous Withdrawal Ticket

CM1
AR Form 200/DC (05/01/19)

Date 10/5/2023     Amount $ 20.00
Offender No. 43943     Fac. SCF     Unit I
Offender Name Louis Peoples

Reason for Transaction **Unit 1 Inmate HP Printer Fund Donation**

I hereby authorize this amount to be deducted from my account.

Offender Signature _Louis Peoples_
Staff Authorization:
Printed Name C. Kraszewski     Signature CKJ 2004

---

Miscellaneous Withdrawal Ticket

DC Form 200-2C (03/01/16)

**LEGAL COPIES**

Date 7/20/24     Amount $ .7
Offender No. 43943     Fac. SCF     Unit _lock_
Offender Name Louis Peoples

Reason for Transaction

I hereby authorize this amount to be deducted from my account.

Staff Authorization:
Printed Name
Signature
Offender Signature _Louis Peoples_

**CREDIT ORG CODE 1800**

2003-1800



SCANNED
to ATC on 10/31/22
Burnes

Date: 8/28/2023 14:35:00

**C-Pod**

| Cell | Name | DOC# |
|------|------|------|
| C1-101-t1 | Vanbommell, Jason | 176609 |
| C1-101-b1 | Anderson, Michael BB/BT | 173119 |
| C1-102-t1 | Cyprian, Gary | 125112 |
| C1-102-b1 | Stone, Ryan | 138316 |
| C1-103-t1 | Galvez, Steven | 132054 |
| C1-103-b1 | Kane, Robert | 152208 |
| C1-104-t1 | Severson, Michael | 126144 |
| C1-104-b1 | Johnson, Roland BB/BT | 87652 |
| C1-105-t1 | DO NOT FILL | |
| C1-105-b1 | Sanchez, Richard BB/BT | 41246 |
| C1-106-t1 | Peterson, Kevin | 191561 |
| C1-106-b1 | Bradford, Clyde | 164061 |
| C1-107-t1 | Hill, Robert | 133810 |
| C1-107-b1 | Pothemus, William BB/BT | 134850 |
| C1-108-t1 | DO NOT FILL ADA | |
| C1-108-b1 | Dillow, Bruce BB/BT | 123955 |
| C1-109-t1 | Chamberlain, James | 194902 |
| C1-109-b1 | Dall, James BB/BT | 153082 |
| C1-110-t1 | DO NOT FILL ADA | |
| C1-110-b1 | Crawford, Douglas BB/BT | 55972 |
| C1-111-t1 | DO NOT FILL ADA sight | |
| C1-111-b1 | Peoples, Louis BB/BT | 43943 |
| C1-112-t1 | Glasser, Wayne | 124751 |
| C1-112-b1 | Jones, Michael BB/BT | 147601 |
| C1-113-t1 | Oglethorpe, Bradley | 111687 |
| C1-113-b1 | Reid, Billy_BB | 144207 |
| C1-114-t1 | Nally, Stephen | 178766 |
| C1-114-b1 | Godoy, Moses BB/BT | 178275 |
| C1-115-t1 | Wilson, Billy | 158844 |
| C1-115-b1 | Mitchell, Verrell BB/BT | 62245 |
| C1-116-t1 | Welsh, Donovan | 119296 |
| C1-116-b1 | Foster, Warren | 100317 |
| C1-117-t1 | Romero, Anthony | 151985 |
| C1-117-b1 | Sullivan, Zachary | 112967 |

**C-Pod**

| Cell | Name | DOC# |
|------|------|------|
| C2-201-t1 | Hodges, Jeremy | 147836 |
| C2-201-b1 | Farris, Charles BB | 138656 |
| C2-202-t1 | Giron, Dennis | 189782 |
| C2-202-b1 | Cordova, Christopher | 125101 |
| C2-203-t1 | Davenport, William | 135683 |
| C2-203-b1 | Mitchell, Nicholas | 138177 |
| C2-204-t1 | Meboom, Keo | 138761 |
| C2-204-b1 | Kirk, David | 183707 |
| C2-205-t1 | Harris, Colin | 174271 |
| C2-205-b1 | Dexburg, David | 142152 |
| C2-206-t1 | Bolton, James | 96048 |
| C2-206-b1 | Allabjo, Akelfok BB | 179948 |
| C2-207-t1 | Johnson, Roger | 143838 |
| C2-207-b1 | Wells, Christopher BB | 157305 |
| C2-208-t1 | Agullera, Freddy | 142725 |
| C2-208-b1 | Chavez, Raul | 123267 |
| C2-209-t1 | Tennison, Michael | 56213 |
| C2-209-b1 | Beagle, Timothy | 69487 |
| C2-210-t1 | Pinnock, David | 155890 |
| C2-210-b1 | Teter, Ryan | 190231 |
| C2-211-t1 | Hernandezcepeda, Felipe | 194782 |
| C2-211-b1 | Ramos, Trinidad | 116108 |
| C2-212-t1 | Kim, Yookrang | 124035 |
| C2-212-b1 | Anderson, Richard BB | 157264 |
| C2-213-t1 | Thompson, Daryl | 69173 |
| C2-213-b1 | McMillan, Donald | 186396 |
| C2-214-t1 | Goldsmith, Paul | 54599 |
| C2-214-b1 | Wiles, Juan | 61920 |
| C2-215-t1 | AlvaradoCordova, Luis | 130263 |
| C2-215-b1 | Galvanhemandez, Manuel | 146397 |
| C2-216-t1 | Ortiz, Vincent | 135593 |
| C2-216-b1 | Walton, William | 92775 |
| C2-217-t1 | Abalde, Diego | 146692 |
| C2-217-b1 | Wilkinson, Charles | 146875 |

**C-Pod**

| Cell | Name | DOC# |
|------|------|------|
| C3-301-t1 | Hunter, Michael | 103582 |
| C3-301-b1 | Bueno, Marty | 50565 |
| C3-302-t1 | Wilkinson, Seth | 169008 |
| C3-302-b1 | Novotny, Martin | 133179 |
| C3-303-t1 | Alvarodsquarez, Jose | 134112 |
| C3-303-b1 | Gonzalez, Lorenzo | 132581 |
| C3-304-t1 | Banda, Luna | 132581 |
| C3-304-b1 | Relaford, David | 167406 |
| C3-305-t1 | Johnson, Vincent | 192507 |
| C3-305-b1 | Weaver, Wendell | 67406 |
| C3-306-t1 | Robrik, Michael | 109240 |
| C3-306-b1 | Sexton, William BB | 185439 |
| C3-307-t1 | Weechman, Christopher | 98198 |
| C3-307-b1 | Medina, Ernie | 166666 |
| C3-308-t1 | Wessel, Michael | 130077 |
| C3-308-b1 | Bisang, Ricky | 131891 |
| C3-309-t1 | Turley, Vernon | 62605 |
| C3-309-b1 | Radan, Billy | 120535 |
| C3-310-t1 | Peralta, Alexis | 195957 |
| C3-310-b1 | Cruz, Gilberto | 137685 |
| C3-311-t1 | Hill, Joseph | 163993 |
| C3-311-b1 | Adams, Alexander BB | 119867 |
| C3-312-t1 | Kospec, Jonathan | 82169 |
| C3-312-b1 | Cross, Charles BB | 138446 |
| C3-313-t1 | Brown, Maurice | 190778 |
| C3-313-b1 | Bullock, Jamal | 178119 |
| C3-314-t1 | Guerra, Victor | 105194 |
| C3-314-b1 | Cisneros, Jeremy | 164467 |
| C3-315-t1 | Allen, Brandon | 142695 |
| C3-315-b1 | Brown, Nathanael | 85306 |
| C3-316-t1 | McKemie, Vernon | 147621 |
| C3-316-b1 | Brown, Dewain | 56198 |
| C3-317-t1 | Chaidiveralta, Ricardo | 156419 |
| C3-317-b1 | Ramirez, Richard | 169514 |

Pod Total:

November 20, 2022

Louis Peoples Sr. #43943
Sterling Correctional Facility
P.O. Box 6000
Sterling, Colorado 80951

Janet Smith
ADA Inmate Coordinator
1250 Academy Park Loop
Colorado Springs, Co 80910

RE: American with Disabilities
Civil Action: 21cv 1100 Request
for Accommodation Vision
Impaired Settlement

Dear J. Smith or Whom It May
Concern:

I'm in receipt of your letter
dated 11/15/22 informing me that
CDOC will not be issuing laptop
Computers at SCF for blind inmates
as agreed on and signed by
Dean Williams.

Its my understanding that you have spoke with Captain Thomas from unit one and both of you have come to an agreement, that the blind inmates in unit one can use the single desktop computer in the multi purpose room.

The problem being there is at least 280 inmates in unit-one that also use the [One] available desktop computer and there's only five (5) slots that can be utilized per-day. There happens to be inmates doing legal work, writing books, and so on. The one desktop is not enough let alone for the slower, working blind inmate who requires assistance as myself at times.

Ms. Smith the settlement agreement does not state that blind inmates would be required to share a desktop computer with inmates who are not blind. It confirms that CDOC will provide in the day-hall a printer, scanner that is compatible with, and networked to the laptop's provided to blind print-disabled prisoners that

RECEIVED
JUN 0 7 2023
BY: .....................

**Offender Grievance**                    AR Form 850-04B (12/01/18)

Offender Must Complete

Name: _Louis Peoples Sr_   DOC #: _43943_

Grievance number (complete for Steps 2 and 3, only):

Instructions:
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

*This space must remain blank*
*This space must remain blank*
*This space must remain blank*
*This space must remain blank*

Subject of Grievance and Requested Meaningful Remedy: _Copier + Scanner Capt. Thomas_

_This is the fourth request for cellhouse one or CDX, to make available a printer with scanner with a network to a laptop which is equipped with assistive technology for me to independently scan and print incoming and outgoing personal and legal correspondence. For the last 7 months now, I have been paying to have documentation scanned and printed through as inmate printing program put together at SCF dly for cellhouse one & two inmates. I have paid out well over $200 into this program just to obtain personal copies. However, the settlement agreement for printed/blind inmates as myself confirm that all Assistive technology "shall" be provided to inmates under the agreement without charge for printing Correspondence whether legal are not. On May 28, 2023 I was charged by force to pay for incorrect print due to a legal document for reply by inmates are I would be terminated from the program. Printed/blind inmates should never be charge a cost. I ask that I be refused and a printer with scanner be made available for 5 inmates in unit one within 30 days._

Offender Signature: _Louis Peoples Sr_   Date: _5/28/23_

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

Case Manager/CPO Must Complete

Facility/Unit/Pod/Parole Office/Community Corrections Center: _LUI CIII SCF_

Step (Circle one)   (1)   2   3

Signature: _C Foster_

Print Name and DOC Employee ID #: _Chris Foster 16058_   Date received: _6/6/23_

Attachment B
Page 1 of 1

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 06/07/2023   Grievance Coordinator & ID #  HAUPT, ROBIN (24536)

**RESPONSE**

On 06/25/2023 I reviewed your Step 1 Grievance, I reviewed all applicable policies and talked with you about your issue. You stated that there was a concern about you paying $200 to the Offender print shop to print your law documents. You also stated that because you have an ADA accommodation that there is was a lawsuit stating that housing staff are suppose to provide ADA Offenders with unlimited access to a printer, scanner and computer. Sterling Correctional Facility does provide law services through the Law Library. Per AR 750-01 Legal Access. You are provided with the use of a computer/printer/copier which is the only place Offender's are allowed to access their legal materials. Your Remedy of making a Computer/Printer/Scanner available for the 5 Offenders in Unit 1 in 30 days is Denied.

**TO BE COMPLETED BY RESPONDER**

Date 06/07/2023   Responder Name & ID #  ZWIRN, WILLIAM (16274)   Response Date 06/25/2023

Disposition                      **Denied**

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name  PEOPLES, LOUIS   DOCNO 43943   Grievance # R-SF22/23-00233655-1

Date: _7-26-23_   Offender Signature : _Louis Peoples_

Original: Department file/AIC                      Copies: Administrative Head, Offender

### C-Pod

Date: 8/31/2023 15:11:07

| Cell | Name | DOC# |
|------|------|------|
| C1-101-tb | Vanbommell, Jason | 176809 |
| C1-101-tl | Jones, Robert  BBBT | 63565 |
| C1-102-tl | Cyprian, Gary  K9 | 125112 |
| C1-102-tb | Stone, Ryan  K9 | 138316 |
| C1-103-tl | Galvez, Steven  K9 | 132054 |
| C1-103-tb | Kann, Robert  K9 | 159288 |
| C1-104-tl | Severson, Michael | 126144 |
| C1-104-tb | Johnson, Roland BBBT | 87852 |
| C1-105-tl | DO NOT FILL | |
| C1-105-tb | Sanchez, Richard BBBT | 41246 |
| C1-106-tl | Peterson, Kevin | 191561 |
| C1-106-tb | Bradford, Clyde | 164061 |
| C1-107-tl | Hill, Robert | 133810 |
| C1-107-tb | Polhemus, William BBBT | 134859 |
| C1-108-tl | DO NOT FILL ADA | |
| C1-108-tb | Ditow, Bruce BBBT | 123955 |
| C1-109-tl | Chamberlain, James | 194092 |
| C1-109-tb | Dail, James BBBT | 150082 |
| C1-110-tl | DO NOT FILL ADA | |
| C1-110-tb | Crawford, Douglas BBBT | 55972 |
| C1-111-tl | DO NOT FILL ADA sight | |
| C1-111-tb | Peoples, Louis BBBT | 43943 |
| C1-112-tl | Glasser, Wayne | 124751 |
| C1-112-tb | Jones, Michael BBBT | 147601 |
| C1-113-tl | Oglethorpe, Bradley | 111887 |
| C1-113-tb | Reed, Billy  BB | 144207 |
| C1-114-tl | Nally, Stephen | 178766 |
| C1-114-tb | Godoy, Moises BBBT | 178275 |
| C1-115-tl | Wilson, Billy | 158944 |
| C1-115-tb | Mitchell, Vernell BBBT | 62245 |
| C1-116-tl | Walsh, Donovan | 119296 |
| C1-116-tb | Foster, Warren | 100317 |
| C1-117-tl | Romero, Anthony  K9 | 151985 |
| C1-117-tb | Sullivan, Zachary  K9 | 112867 |

Pod Total:

### C-Pod

| Cell | Name | DOC# |
|------|------|------|
| C2-201-tl | Hodges, Jeremy | 147836 |
| C2-201-tb | Farrar, Charles  BB | 113856 |
| C2-202-tl | Giron, Dennis | 189782 |
| C2-202-tb | Cordova, Christopher | 125101 |
| C2-203-tl | Davenport, William | 156883 |
| C2-203-tb | Mitchell, Nicholas | 138177 |
| C2-204-tl | Mcbroom, Keo | 139761 |
| C2-204-tb | Kirk, David | 183707 |
| C2-205-tl | Harris Colin | 174407 |
| C2-205-tb | Desburg, David | 142152 |
| C2-206-tl | Bolton, James | 56046 |
| C2-206-tb | Allalpo, Amelick  BB | 170948 |
| C2-207-tl | Johnson, Roger | 143838 |
| C2-207-tb | Wells, Christopher  BB | 157205 |
| C2-208-tl | Aguilera, Freddy | 142725 |
| C2-208-tb | Chavez, Paul | 123267 |
| C2-209-tl | Tennison, Michael | 58213 |
| C2-209-tb | Beagle, Timothy | 49687 |
| C2-210-tl | Pennock, David | 155900 |
| C2-210-tb | Toter, Ryan | 190231 |
| C2-211-tl | Hernandezcajeda, Felipe | 184782 |
| C2-211-tb | Ramos, Trinidad | 116108 |
| C2-212-tl | Kim, Yookang | 124035 |
| C2-212-tb | Anderson, Richard  BB | 157264 |
| C2-213-tl | Thompson, Daryl | 88173 |
| C2-213-tb | McMillan, Donald | 186395 |
| C2-214-tl | Galdbaith, Paul | 54599 |
| C2-214-tb | Wiles, John | 61920 |
| C2-215-tl | AlvaldoCordova, Luis | 130363 |
| C2-215-tb | Galvanhernandez, Manuel | 146397 |
| C2-216-tl | Ortiz, Vincent | 135393 |
| C2-216-tb | Watkins, William | 92775 |
| C2-217-tl | Alcalde, Diego | 146692 |
| C2-217-tb | Wilkinson, Charles | 140875 |

### C-Pod

| Cell | Name | DOC# |
|------|------|------|
| C3-301-tl | Hunter, Michael | 103582 |
| C3-301-tb | Bueno, Marty | 50055 |
| C3-302-tl | Novotny, Martin | 169008 |
| C3-302-tb | Wilkinson, Seth | 133179 |
| C3-303-tl | Alvarezalvarez, Jose | 134112 |
| C3-303-tb | Gonzalez, Lorenzo | 152248 |
| C3-304-tl | Barela, Luis | 132581 |
| C3-304-tb | Releford, David | 167408 |
| C3-305-tl | Johnson, Vincent | 192507 |
| C3-305-tb | Weaver, Wendell | 67406 |
| C3-306-tl | Bobrik, Michael | 109269 |
| C3-306-tb | Saxton, William BB | 185439 |
| C3-307-tl | Weedman, Christopher | 96188 |
| C3-307-tb | Molina, Ernie | 105686 |
| C3-308-tl | Wessel, Michael | 130077 |
| C3-308-tb | Hoang, Ricky | 13891 |
| C3-309-tl | Turley, Aaron | 63605 |
| C3-309-tb | Radan, Billy | 120535 |
| C3-310-tl | Perabia, Alexis | 195057 |
| C3-310-tb | Cruz, Gilberto | 137685 |
| C3-311-tl | Adams, Alexander BB | 163993 |
| C3-311-tb | Hill, Joseph | 119867 |
| C3-312-tl | Kasper, Jonathan | 82160 |
| C3-312-tb | Goss, Charles BB | 138446 |
| C3-313-tl | Brown, Maurice | 190778 |
| C3-313-tb | Bullock, Jared | 178119 |
| C3-314-tl | Garcia, Victor | 106134 |
| C3-314-tb | Generoso, Jeremy | 146467 |
| C3-315-tl | Allen, Brandon | 142805 |
| C3-315-tb | Brown, Nathaniel | 85306 |
| C3-316-tl | McKinnie, Vernon | 147621 |
| C3-316-tb | Brown, Devan | 56186 |
| C3-317-tl | Chadchavilla, Ricardo | 156419 |
| C3-317-tb | Ramirez, Richard | 168514 |

*A.D.A. Inmate*

## Offender Grievance

AR Form 850-04B (12/01/18)

**Offender Must Complete**

Name: Louis Peoples Sr.                    SEP 12 2023    DOC #: 43943

Grievance number (complete for Steps 2 and 3, only):

BY: ..........

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

*This space must remain blank*
*This space must remain blank*
*This space must remain blank*
*This space must remain blank*

Subject of Grievance and Requested Meaningful Remedy: STAFF Misconduct:
Im partially blind and have an ADA Housing
Accomodation for single-cell Occupancy under the
Settlement release 21-CV-1100 pg. 12 (a)
On Aug. 8th 2023 Capt. Thomas threaten Me
to either Find a Cell-Mate, or she would place
Me in Segregation in violation of the settlement
release for Blind Offenders (. My ADA Housing
accomodation was approved by the C.D.O.C.
However Capt. Thomas disagreed and placed
an offender in the Cell with Me Creating
a painful environment for Me.
     My Requested Remedy is restoration of
My ADA Housing Accomodation of single-cell
Occupancy and the harassment by Thomas
Stopped. ( Jones V. Bock. 127 S.ct 910 (2007)
Exhaustion.

Offender Signature: *Louis Peoples Jr.*          Date: 9-06-2023
*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance*

**Case Manager/CPO Must Complete** | **Facility/Unit/Pod/Parole Office/Community Corrections Center:** SCF LU1 C111 | **Step (Circle one)** ① 2 3

Signature: *C Fost*

Print Name and DOC Employee ID #: Chris Foster 19058 | Date received: 9-6-2023

Attachment B
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT:  I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 09/12/2023 | Grievance Coordinator & ID #  HAUPT, ROBIN (24536)

### RESPONSE

On 9/25/2023 Lieutenant Russell responded to grievance # A-SF 23/24-00239133-1. This grievance was initiated by Offender Louis Peoples #43943. In this grievance you state that you have a housing accommodation for single cell occupancy under the settlement release 21-CV-1100 pg # 12 (a). You state that Captain Thomas disagreed with you and placed an offender in the cell with you creating a painful environment. Your requested remedy is restoration of your ADA housing accommodation for a single cell and the harassment by Captain Thomas to stop.

I have reviewed your claims and I have reviewed your ADA accommodations and Medical/Housing restrictions an have been unable to find where you have an accommodation or Medical restriction for a single occupancy cell. This is a Medical designation and per AR 750-04, ADA coordinators are not health care providers and cannot order medical treatment, pain medication, surgical procedures, medical and housing restrictions or health care appliances. Requests for these items will be denied. Clinical Services is responsible for all aspects of health care, pursuant to the 700 series of ARs Offender Health Services and clinical services. If you would like to review this or any other non restricted regulation you can visit your Library. Your grievance is denied.

## TO BE COMPLETED BY RESPONDER

Date 09/12/2023 | Responder Name & ID #  RUSSELL, ANTHONY (7548) | Response Date  09/25/2023

**Disposition** | **Denied**

## TO BE COMPLETED BY OFFENDER

RECEIPT:  I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name  PEOPLES, LOUIS | DOCNO 43943 | Grievance # A-SF23/24-00239133-1

Date: | Offender Signature :

Original: Department file/AIC                                         Copies: Administrative Head, Offender

Staff Misconduct:

I'm partially blind and have an ADA Housing Accomodation for Single-cell Occupancy under Settlement Release 21-cv-1100 pg. 12 (a)

On Aug. 8, 2023 Capt. Thomas Threaten me to either find a Cell-mate or she would place me in Segregation in Violation of the Settlement Release for Blind Offenders. My ADA Housing Accomodation was approved by the CDOC. However, Capt. Thomas disagreed and placed an Offender in the cell with me Creating a plainful environment for me.

My Requested Remedy is Restoration of my ADA Housing Accomodation of Single-cell Occupancy and the harassment by Thomas Stopped, Jones v. Bock, 127 S. Ct. 910 (2007) Exhaustion.

DOCNet - Offender Portal

 **43943 - PEOPLES, LOUIS N**

STERLING, SCF/UNIT01



Printed 03/28/2020 at 5:09 pm by 

## ADA STATUS AND ACCOMMODATIONS

| Submit Date | Status | Crdntr User | Crdntr Recvd | AIC User | AIC Recvd | Escalated | Montez | Closed By | Closed Date |
|---|---|---|---|---|---|---|---|---|---|
| 07/11/2019 | Closed | SMITH, JANET | 07/11/2019 | SMITH, JANET | 05/01/2019 | 07/11/2019 | N | SMITH, JANET | 07/11/2019 |

**Request #1:** Shoe Exchange Program
**Notes:**

**Accommodations:** HOUSING/DAILY LIVING
**Impairments:** ENDOCRINE (Diabetes)

| 08/08/2019 | Closed | SMITH, JANET | 08/12/2019 | SMITH, JANET | 05/01/2019 | 08/19/2019 | N | SMITH, JANET | 08/19/2019 |

**Request #1:** Assistance with reading
**Notes:**

**Accommodations:** HOUSING/DAILY LIVING
**Impairments:** SEEING

**Request #2:** Assistance with writing
**Notes:**

**Accommodations:** HOUSING/DAILY LIVING
**Impairments:** SEEING

**Request #3:** OCA I
**Notes:**
Arriving at destinations.
**Accommodations:** HOUSING/DAILY LIVING
**Impairments:** SEEING

Printed 03/28/2020 at 5:10 pm by

AR Form 850-04B (12/01/18)

## Offender Grievance

| Offender Must Complete | |
|---|---|
| Name: Louis Peoples | DOC #: 43943 |

Grievance number (complete for Steps 2 and 3, only):

| Instructions: | |
|---|---|
| 1. Fill out identifying data in space provided. (Must be legible.) | *This space must remain blank* |
| 2. Clearly state basis for grievance or grievance appeal. | *This space must remain blank* |
| 3. State specifically what remedy you are requesting. | *This space must remain blank* |
| 4. Remedy must remain consistent. | *This space must remain blank* |

Subject of Grievance and Requested Meaningful Remedy:

On April 24, 2023, I got a Memo from J. Smith, AIC Designee, on behalf of the ADA Coordinator that referenced "computers available for use in Unit 1." For some reason not specified in the response, the underlying issue that not providing me with a laptop presents a danger due to the huge number of inmates using a single computer (280) and the lack of confidentiality or security of information. The ADA Request for Accommodation response is unsatisfactory. I simply ask that this facility comply with the settlement agreement in civil case #21-cv-100, effective 6/28/22, which authorizes the issuance of a computer for the blind as I meet all the qualifications for such an accommodation. The response does not address the substance of the failure to comply with this agreement, it merely reflects that I am forced to use general or commonplace technology/equipment designed and used by people who do not suffer from vision impairment. My needs under the ADA are not being met and staff simply refuse to provide me with reasonable and adequate accommodations, forcing me to access technology/equipment (computer/laptop) that is used by people who are not disabled. Please make arrangements for me to use/buy laptop.

Offender Signature: _____ Date: _____

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one) ① 2 3 |
|---|---|---|
| Signature: *Louis Peoples Jr.* | | |
| Print Name and DOC Employee ID #: | Date received: | |

Attachment B
Page 1 of 1

*Denied at this time*

**Offender Request for Accommodation**

AR 750-04A (12/01/18)

*According to the Americans with Disabilities/Rehabilitation Acts (ADA), no qualified individual with a disability will, on the basis of disability, be excluded from participation or denied the benefits of the services, activities, or programs of the Department of Corrections or be subjected to discrimination. Case management will assist with completion of this form upon request. One additional page of information may be attached.*

**I. Offender Information:** *(Please Print)*

| | |
|---|---|
| Name: Louis Peoples Jr. | Facility: Sterling |
| DOC#: 43943 | Date: May 28, 2023 |
| Name & Title of person completing form (if not named offender): | |

*By signing this form voluntarily and without coercion or under duress, I authorize DOC ADA coordinator(s) to: request, review and/or discuss any*

**II. ACCOMMODATION REQUESTED:** *Accommodations are assistive devices/equipment, communication services, structural or procedural modifications or adjustments to policies and practices, **to ensure equal access**. (e.g. magnifier, exception to policy, sign language interpreter, re-assignment of job duties). **Health care appliances, restrictions, medical treatment are NOT accommodations.***

Do not leave this section blank.

Dear Ms. Smith, or whom it may concern; It's the fourth time I'm requesting your office or CDOC to make available a printer and scanner for independently to printend scan my own documents for the pass nine month. Now I have been paying to have documentation printed and scanned through an inmate program. Just today I had to pay for legal copies that was not printed correctly. I was forced to sign for them are be terminated from the facility set up print program ran by inmates. I have paid out well over 150.00 for copies. I Settlement asserts no cost

*related protected health medical or mental health, academic, housing, assignment and programming records to the extent necessary to investigate*

**III. SUBSTANTIAL LIMITATION:** *Mark only limitations **RELEVANT** to the above request. Not an exhaustive list. Examples in parenthesis.*

| | | |
|---|---|---|
| Caring For Oneself | Breathing  (Asthma) | Bowel |
| Performing Manual Tasks | Learning  (Dyslexia) | Bladder |
| Seeing | Reading | Neurological (Seizures) |
| Hearing | Concentrating | Brain  (Intellectual Disability, Brain Injury) |
| Eating | Thinking  (Dementia) | Respiratory (COPD) |
| Sleeping | Communicating | ✓ Circulatory (Heart) |
| Walking | Writing | ✓ Endocrine (Diabetes, Hepatitis) |
| Standing | Working | Brain  (Mental Health) |
| Lifting | Immune System (HIV/AIDS, Allergies) | Sitting |
| Bending | Cell Growth (Cancer) | Climbing |
| Speaking | Digestive | Not Listed: ✓ |

*disability claims/requests. Any information related to this request will only be disclosed on a need-to-know basis in order to investigate and implement approved accommodations. I agree to fully participate and cooperate in this process and understand that additional information may be required in order to process this request. Failure to provide this information may result in denial of the requested accommodation.*

Offender Signature *Louis Peoples Jr.*

Date May 28, 2023

**Return completed form to:** *doc_aic@state.co.us or DOC Legal Services ADA coordinator, 1250 Academy Park Loop, Colorado Springs, CO 80910*
(Mail to this office can be sent via inter-facility mail, free of cost, and is restricted inspection mail per AR 300-38.)

Attachment A
Page 1 of 1

SCANNED
to AIC on 5/30/23
*Russell*





**COLORADO**
Department of Corrections

Office of Legal Services
1250 Academy Park Loop
Colorado Springs, CO 80910

**TO:**   PEOPLES, LOUIS #43943
          SCF

**FROM:**  J. Smith, AIC Designee
           Office of Legal Services, ADA Inmate Coordinator (AIC)

**RE:**    Correspondence

**DATE:**  December 27, 2022

Mr. Peoples, attached is the letter I sent you on 11/15/22. What I said was that Captain Thomas was not approving a replacement laptop for the unit. This is a facility decision.

Mr. Richard completed your vision assessment on 10/21/22. Items recommended were: a talking watch, talking clock, magnifier, bold markers, and cane. You requested Colorado Talking Book Library, Braille instruction from Hadley School for the Blind, and cane training. Colorado Talking Book Library was approved 10/27/22. An electronic magnifier, bold markers, paper, talking watch, and talking clock have all been provided to you.

Mr. Richard also recommended that you be given access to a computer after you lose all of your vision.

A cane has been ordered and training will be provided to you.

cc:  AIC File

Jared Polis, Governor | Moses "Andre" Stancil, Interim Executive Director



Fox & Robertson, PC
303-951-4164

Clemency
Noah Justice
303-763-2431

Governor Office
303-866-2471

CJ

RECEIVED
JUL 2 1 2023

Offender Grievance

AR Form 850-04B (12/01/18)

| Offender Must Complete | |
| --- | --- |
| Name: Louis Peoples Jr. | DOC #: 43943 |
| Grievance number (complete for Steps 2 and 3, only): RX-3F-22/23-00233655-1 | |

| Instructions: | |
| --- | --- |
| 1. Fill out identifying data in space provided. (Must be legible.) | This space must remain blank |
| 2. Clearly state basis for grievance or grievance appeal. | This space must remain blank |
| 3. State specifically what remedy you are requesting. | This space must remain blank |
| 4. Remedy must remain consistent. | This space must remain blank |

**Subject of Grievance and Requested Meaningful Remedy:**

Concerning Offender grievance R-3F-22/23-00233655-1 Filed on 5/28/23, and responded to by William Zwirn #16274. I Louis Peoples Jr disagree with the response given by AB Zwirn. Zwirn, Thomas, Smith and Russell all are interfering with the release and settlement agreement for Disable Blind/Printed inmates at SCF I have on numerous occasion(s) as stated in My Step(1) grievance requested a laptop with printer + scanner to be made available to Me and other Disable blind inmates in Unit 1 pursuant to Zwirn who denied My request for laptop printer all such as access upon his prior declaration legal filling's on June 08, 2023 out the Office of R-3F Management for (blatant) No Zwirn and other legal Official's for the past 10-Month's have denied accommodation for low visual inmates and My self under 42 USC 12131 and federal Court order's with (agreement in 21-CV-1100, United States District Court for Colorado), Notice is hereby given, that I will be fill for an Emergency injunction with a 42 USC 1983 complaint for failure to Accommodate.

| Offender Signature: Louis Peoples Jr | Date: 7-10-2023 |
| --- | --- |

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: SCF LU1 C111 | Step (Circle one) 1 ②︎ 3 |
| --- | --- | --- |
| Signature: | | |
| Print Name and DOC Employee ID #: Chris Foster 15099 | Date received: 7-12-23 | |

Attachment B
Page 1 of 1

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 07/21/2023 | Grievance Coordinator & ID #  HAUPT, ROBIN (24536)

**RESPONSE**

Offender Peoples grievance is in regards to the offender's having Unit staff print out and copies for the offender.
The offender's remedy is to have the unit print and copy for the offender
In researching the offender's grievance I reviewed the Step 1 Grievance response, spoke with the Step 1 responder, reviewed 750-01 and I agree with Lt Zwirn. The legal library can provide and will provide the needs for your grievance. The unit does not have to print or copy any thing for staff. All your needs can be completed in the law library that SCF provides.
D. Operational Provisions

1. Offenders will be allowed reasonable, but not unlimited access to law libraries, loan materials, and/or law library personnel to prepare legal documents, consistent with court imposed deadlines or applicable statutes of limitations.

2. When an offender's housing assignment, including but not limited to restrictive housing and assignment to close custody management control unit, inhibits direct or personal access to the law library, the Legal Access Program will provide an alternative procedure to ensure adequate access to legal materials for those offenders. [5-ACI-4A-22]

4. Legal assistants will ensure that request forms are made available in the housing units. DOC employees or contract workers will not impede or otherwise interfere with an offender's requests for legal services.

5. Legal assistants will ensure that supplies are made available to offenders, pursuant to AR Form 750-01E, Request For Supplies. Legal supplies may be provided in reasonable amounts consistent with DOC security concerns.

6. Photocopying services are provided by the Legal Access Program to reproduce documents described in AR Form 750-01F, Legal Access Program Guidelines, at a cost of $0.25 (twenty-five cents) per page.

---

**TO BE COMPLETED BY RESPONDER**

| Date 08/03/2023 | Responder Name & ID # RICHIE, KEVIN (14162) | Response Date 08/05/2023 |
| --- | --- | --- |
| Disposition | Denied | |

**TO BE COMPLETED BY OFFENDER**

## First Roster — C-Pod — 8/28/2023 14:35:00

| Cell | Name | DOC# | GRIEVANCE | WSHLEET | BLANKET | STKAYOCL | PB BAG PRG | Cell (C2) | Name |
|---|---|---|---|---|---|---|---|---|---|
| C1-101-1t | Vanbommel, Jason | 176809 | | | | | | C2-201-1t | |
| C1-101-1b | Anderson, Michael BB/BT | 117319 | | | | | | C2-201-1b | |
| C1-102-1t | Cyprian, Gary | 125112 | | | | | | C2-202-1t | |
| C1-102-1b | Stone, Ryan | 138316 | | | | | | C2-202-1b | |
| C1-103-1t | Galvez, Steven | 132054 | | | | | | C2-203-1t | |
| C1-103-1b | Kane, Robert | 159288 | | | | | | C2-203-1b | |
| C1-104-1t | Severson, Michael | 126144 | | | | | | C2-204-1t | |
| C1-104-1b | Johnson, Roland BB/BT | 87852 | | | | | | C2-204-1b | |
| C1-105-1t | DO NOT FILL | | | | | | | C2-205-1t | |
| C1-105-1b | Sanchez, Richard BB/BT | 41246 | | | | | | C2-205-1b | |
| C1-106-1t | Peterson, Kevin | 191581 | | | | | | C2-206-1t | |
| C1-106-1b | Bradford, Clyde | 164061 | | | | | | C2-206-1b | |
| C1-107-1t | Hill, Robert | 133810 | | | | | | C2-207-1t | |
| C1-107-1b | Polhemus, William BB/BT | 134850 | | | | | | C2-207-1b | |
| C1-108-1t | DO NOT FILL ADA | | | | | | | C2-208-1t | |
| C1-108-1b | Dillow, Bruce BB/BT | 123955 | | | | | | C2-208-1b | |
| C1-109-1t | Chamberlain, James | 194902 | | | | | | C2-209-1t | |
| C1-109-1b | Dall, James BB/BT | 153082 | | | | | | C2-209-1b | |
| C1-110-1t | DO NOT FILL ADA | | | | | | | C2-210-1t | Pin |
| C1-110-1b | Crawford, Douglas BB/BT | 55972 | | | | | | C2-210-1b | Tole |
| C1-111-1t | DO NOT FILL ADA sight | | | | | | | C2-211-1t | Her |
| C1-111-1b | Peoples, Louis BB/BT | 43943 | | | | | | C2-211-1b | Ran |
| C1-112-1t | Glasser, Wayne | 124751 | | | | | | C2-212-1t | Kim |
| C1-112-1b | Jones, Michael BB/BT | 147601 | | | | | | C2-212-1b | And |
| C1-113-1t | Oglethorpe, Bradley | 111687 | | | | | | C2-213-1t | Tho |
| C1-113-1b | Reid, Billy BB | 144207 | | | | | | C2-213-1b | McA |
| C1-114-1t | Nalty, Stephen | 178766 | | | | | | C2-214-1t | Goll |
| C1-114-1b | Godoy, Moises BB/BT | 178275 | | | | | | C2-214-1b | Alva |
| C1-115-1t | Wilson, Billy | 158944 | | | | | | C2-215-1t | Alva |
| C1-115-1b | Mitchell, Vernell BB/BT | 62245 | | | | | | C2-215-1b | Gar |
| C1-116-1t | Walsh, Donovan | 119296 | | | | | | C2-216-1t | Orld |
| C1-116-1b | Foster, Warren | 100317 | | | | | | C2-216-1b | Will |
| C1-117-1t | Romero, Anthony | 151985 | | | | | | C2-217-1t | Alca |
| C1-117-1b | Sullivan, Zachary | 112967 | | | | | | C2-217-1b | Wilk |

**Pod Total:**

---

## Second Roster — C-Pod — 8/31/2023 15:11:07

| Cell | Name | DOC# | GRIEVANCE | WSHLEET | BLANKET | STKAYOCL | PB BAG PRG | Cell (C2) | Name |
|---|---|---|---|---|---|---|---|---|---|
| C1-101-1t | Vanbommel, Jason | 176809 | | | | | | C2-201-1t | Hodges, Jeremy |
| C1-101-1b | Jones, Robert BB/BT | 63565 | | | | | | C2-201-1b | Farrar, Charles BB |
| C1-102-1t | Cyprian, Gary K9 | 125112 | | | | | | C2-202-1t | Giron, Dennis |
| C1-102-1b | Stone, Ryan K9 | 138316 | | | | | | C2-202-1b | Cordova, Christopher |
| C1-103-1t | Galvez, Steven K9 | 132054 | | | | | | C2-203-1t | Davenport, William |
| C1-103-1b | Kane, Robert | 159288 | | | | | | C2-203-1b | Mitchell, Nicholas |
| C1-104-1t | Severson, Michael | 126144 | | | | | | C2-204-1t | Mcbroom, Keo |
| C1-104-1b | Johnson, Roland BB/BT | 87852 | | | | | | C2-204-1b | Kirk, David |
| C1-105-1t | DO NOT FILL | | | | | | | C2-205-1t | Harris Colin |
| C1-105-1b | Sanchez, Richard BB/BT | 41246 | | | | | | C2-205-1b | Diesburg, David |
| C1-106-1t | Peterson, Kevin | 191581 | | | | | | C2-206-1t | Bolton, James |
| C1-106-1b | Bradford, Clyde | 164061 | | | | | | C2-206-1b | Atakpo, Aniefiok BB |
| C1-107-1t | Hill, Robert | 133810 | | | | | | C2-207-1t | Walsh, Christopher BB |
| C1-107-1b | Polhemus, William BB/BT | 134850 | | | | | | C2-207-1b | Aguilera, Freddy |
| C1-108-1t | DO NOT FILL ADA | | | | | | | C2-208-1t | Chavez, Raul |
| C1-108-1b | Dillow, Bruce BB/BT | 123955 | | | | | | C2-208-1b | Tennesson, Michael |
| C1-109-1t | Chamberlain, James | 194902 | | | | | | C2-209-1t | Beagle, Timothy |
| C1-109-1b | Dall, James BB/BT | 153082 | | | | | | C2-209-1b | Pinnock, David |
| C1-110-1t | DO NOT FILL ADA | | | | | | | C2-210-1t | Toetz, Ryan |
| C1-110-1b | Crawford, Douglas BB/BT | 55972 | | | | | | C2-210-1b | Hernandezzepeda, Felipe |
| C1-111-1t | DO NOT FILL ADA sight | | | | | | | C2-211-1t | Ramos, Trinidad |
| C1-111-1b | Peoples, Louis BB/BT | 43943 | | | | | | C2-211-1b | Kim, Yoobeang |
| C1-112-1t | Glasser, Wayne | 124751 | | | | | | C2-212-1t | Thompson, Daryl |
| C1-112-1b | Jones, Michael BB/BT | 147601 | | | | | | C2-213-1t | McMillan, Donald |
| C1-113-1t | Oglethorpe, Bradley | 111687 | | | | | | C2-213-1b | |
| C1-113-1b | Reid, Billy BB | 144207 | | | | | | C2-214-1t | Goldsmith, Paul |
| C1-114-1t | Nalty, Stephen | 178766 | | | | | | C2-214-1b | Weiss, John |
| C1-114-1b | Godoy, Moises BB/BT | 178275 | | | | | | C2-215-1t | Alvarez/Cordova, Luis |
| C1-115-1t | Wilson, Billy | 158944 | | | | | | C2-215-1b | Galvanhemandez, Manuel |
| C1-115-1b | Mitchell, Vernell BB/BT | 62245 | | | | | | C2-216-1t | Ortiz, Vincent |
| C1-116-1t | Walsh, Donovan | 119296 | | | | | | C2-216-1b | Watkins, William |
| C1-116-1b | Foster, Warren | 100317 | | | | | | C2-217-1t | Alcalde, Diego |
| C1-117-1t | Romero, Anthony K9 | 151985 | | | | | | C2-217-1b | Wilkinson, Charles |
| C1-117-1b | Sullivan, Zachary K9 | 112967 | | | | | | | |

**Pod Total:**

8/31/23, 3:11 PM